UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION


IN RE:

FLOYD HERBERT ROTHACRE
NICOLE C. ROTHACRE

DEBTORS                                          CASE NO. 05-20139



L. CRAIG KENDRICK, TRUSTEE                                  PLAINTIFF


VS.                                              ADV. NO. 05-2010


FLOYD HERBERT ROTHACRE and
NICOLE C. ROTHACRE; BLUEGRASS
MORTGAGE SERVICES, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.                       DEFENDANTS

## MEMORANDUM OPINION

This matter constitutes another chapter in the continuing saga of trustee challenges to residential real estate mortgages. The Plaintiff and Defendants Bluegrass Mortgage Services, Inc. ("BMS") and Mortgage Electronic Registration Systems, Inc. (MERS") filed cross-motions for summary judgment (the Defendants together filed a motion). The Plaintiff also filed a motion for an order allowing him to sell the real estate in question pending resolution of these issues ("Motion to Sell Subject Property Pending Adjudication"). The matter was heard on June 14, 2005, and taken under consideration for decision at that time. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

1.    Factual and procedural background

The Debtors acquired the subject property, 1232 West Spring Street, Covington, Kentucky on November 9, 1998.  The Debtors refinanced their existing mortgage to Countrywide Home Loans, Inc. by executing a note to BMS and a mortgage in which MERS was the named mortgagee.  This mortgage (the "Mortgage") was recorded in Official Record Book C1349, page 176 of the Kenton County Clerk's records in Covington, Kentucky.  After the closing and disbursement of funds, Countrywide Home Loans, Inc. recorded a "Satisfaction of Mortgage" with the Kenton County Clerk.

The Mortgage, at paragraph F, provides that "Property means the property that is described below under the heading 'Transfer of Rights in the Property.'"  At that heading the Mortgage further provides:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under the Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the County of Kenton:

Following this language is a space into which a property description is apparently to be inserted.  No legal description is inserted there, but following the space the Mortgage goes on to provide: "Tax parcel ID number [blank space] which currently has the address of 1232 West Spring St, Covington, Kentucky 41016 ('Property Address')."  After the pages containing the Debtors' signatures and acknowledgment, a page marked "Exhibit A" is attached which contains a legal description of the subject property and a valid source of title.

2.    <u>Legal discussion</u>

The Plaintiff maintains that he is entitled to summary judgment that he may avoid the Mortgage as a bona fide purchaser pursuant to Bankruptcy Code section 544(a)(3) because it has a fatal defect, i.e., it does not include a legal description of the property within the confines of the signed document, and that such defect makes the Mortgage unrecordable.  He points to KRS 446.060(1) which provides: "When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end or close of the writing."  KRS 446.060(1).  The Plaintiff therefore contends that only the pages of the Mortgage that appear before the Debtors' signatures can be considered in making a determination that the Mortgage did or did not provide constructive notice to third parties and that the legal description which follows the signatures is of no moment.

The Kentucky statute of frauds, KRS 371.010, requires that contracts be in writing and signed.  Conveyances of property are required to be in writing.  "The owner may convey any interest in real property not in the adverse possession of another; but no estate of inheritance or freehold, or for a term of more than one (1) year, in real property shall be conveyed, except by deed or will."  KRS 382.010.  No Kentucky statute has been cited that requires the inclusion of a legal description of property in a mortgage, or any other instrument of conveyance.

The Plaintiff cites *Loeb v. Conley*, 169 S.W. 575, 579 (Ky. 1914), in support of the proposition that a legal description is an essential part of any instrument conveying an interest in land, and that if the

description is insufficient or not included, the instrument is void as

to third parties.   The Plaintiff argues that a "mailing address" does

not suffice as a property description.   The Mortgage itself identifies

the address noted there as the "Property Address."   In any event, the

*Loeb* court had the following to say about the description of land:

> The description in the lease was of course not accurate or
> full, nor was it necessary that it should be in order to
> give notice of the land covered by the lease.  When a deed
> or other like recorded instrument furnishes on its face
> marks by which the land intended to be embraced in it can be
> identified, or marks sufficient to put an intended purchaser
> upon notice, it will be deemed sufficient to estop the
> purchaser from asserting that the description was too
> indefinite or insufficient to give notice of the land
> conveyed by the instrument. . . . .

*Id.* at 579.   The court ruled that a lease to Conley furnished inquiry

notice to the Loebs where it provided that it touched the western

boundary of another party.   *Id.*   This reasoning suggests to this court

that a property address is sufficient to put third parties on at least

inquiry notice of a mortgagee's interest in property.   In *Rogan v.*

*America's Wholesale Lender (In re Vance)*, 99 Fed.Appx. 25 (6th Cir.

2004), the trustee could not be charged with either constructive or

inquiry notice of a defective, and unrecordable, mortgage, even though

it was recorded ("In this case, there are no facts that can be

constructively charged to the trustee.").   *Id.* at 28.   Here, assuming

the Mortgage was recordable, and the court believes that it was, the

Plaintiff is charged with notice of the fact that MERS has an interest

in property in Kenton County with the address 1232 West Spring St,

Covington, Kentucky 41016.

In *American Nat. Bank v. John Van Range Co.*, 278 S.W. 133 (Ky.

1925), the court addressed the issue of the sufficiency of a

4

description of property:

> It is axiomatic that a deed or mortgage must contain such a
> certain and definite description of the property encumbered
> as to make it the subject of the charge created. . . . . Of
> course, the description may be made certain by reference to
> other papers and maps, but in the absence of such additional
> papers or maps the mortgage itself must contain a
> description sufficient to identify the property, **or
> sufficient to enable the court, by the aid of extrinsic
> evidence, to identify the property intended to be covered by
> the mortgage.**

*Id.* at 134 (citation omitted; emphasis added).  As stated by the court

in *Murphy v. Provident Bank (In re Miller)*, 260 B.R. 158 (Bankr. D.

Idaho 2001), a case with the same fact pattern as the matter before

this court,

> [A] sufficient description need not itself identify the
> property; rather, it need only provide a reasonable means of
> identification, either on the face of the instrument or by
> reference to extrinsic evidence. . . . [U]sing the
> information contained on the face of the instrument, and by
> reference to extrinsic evidence, the legal description of
> [the] property can be found.

*Id*. at 164.  The same is true here; using the information found on the

face of the Mortgage and by reference to extrinsic evidence, the legal

description of the subject property may be found.

The Plaintiff has also alleged that the Mortgage is defective in

that it does not contain an immediate source of title.  The Plaintiff

contends that without a source of title, the Mortgage is unrecordable

pursuant to KRS 382.110(2).  As set out more completely, that section

states in pertinent part:

> (1)  All deeds, mortgages and other instruments
> required by law to be recorded to be effectual
> against purchasers without notice, or creditors,
> shall be recorded in the county clerk's office of
> the county in which the property conveyed, or the
> greater part thereof, is located.
> (2)  No county clerk or deputy county clerk shall
> admit to record any deed of conveyance of any

> interest in real property equal to or greater
> than a life estate, unless the deed plainly
> specifies and refers to the next immediate source
> from which the grantor derived the title to the
> property or the interest conveyed therein.
> (3)  If the source of title is a deed or other
> recorded writing, the deed offered for record
> shall refer to the former deed or writing, and
> give the office, book and page where recorded,
> and the date thereof. . . . .
> . . . .
> (5)  No grantor shall lodge for record, and no
> county clerk or deputy shall receive and permit
> to be lodged for record any deed that does not
> comply with the provisions of this section.

The Plaintiff's position in regard to this section appears to be based
on the premise that a mortgage conveys an ownership interest in
property.  A deed of conveyance and a mortgage are not the same thing.
A mortgage is an instrument which secures the payment of a sum of
money to the mortgagee; it does not confer rights of ownership upon
the mortgagee absent a foreclosure and sale but merely gives the
mortgagee a lien on the property.

In *Mercantile Trust Co. of New York v. South Park Residence Co.*,
22 S.W. 314(Ky. 1893), the Court of Appeals stated:

> It is insisted that the mortgage ... passed the
> fee to the trust company, and that it was thus
> seised in fee, and empowered to convey in
> satisfaction of its covenant.  It is true that in
> some comparatively late cases ... it is said that
> 'a mortgage passes the legal title to real estate
> to the mortgagee,' which follows the old
> doctrine.  But in all the late cases ... the
> principle is announced that 'substantially, under
> the adjudications in this state, the legal title
> to the mortgaged premises, both at law and in
> equity, remains in the mortgagor during the life
> of the mortgage.'  A mortgage is a mere security
> for debt, and substantially, both at law and in
> equity, the mortgagor is the real owner of the
> property mortgaged.

*Id.* at 315 (citations omitted).  Since a mortgage conveys no estate,

KRS 382.110(2) addresses deeds only, and does not apply to mortgages. The Mortgage was not unrecordable under KRS 382.110(2).

It is therefore the opinion of this court that the Plaintiff has not demonstrated that he is entitled to judgment as a matter of law that he may avoid the Mortgage as a bona fide purchaser pursuant to Bankruptcy Code section 544(a)(3). The court will therefore enter a separate order overruling his Motion for Summary Judgment and granting the Defendants' Motion for Summary Judgment, and further overruling the Plaintiff trustee's Motion to Sell Subject Property Pending Adjudication.


Copies to:

Debra S. Pleatman, Esq.
Donald W. Mallory, Esq.
Stuart P. Brown, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
**_William S. Howard_**
**Bankruptcy Judge**
**Dated: Friday, July 08, 2005**
**(wsh)**